## Salat v. Western Pennsylvania Hospital

*Paul R. Kruper*, for plaintiff.
*Jerome W. Kiger*, and *James D. Beinkemper*, for defendants.

WETTICK, *J.*, February 14, 1980—Plaintiffs commenced this personal injury action in 1976. The case was scheduled for jury trial on November 29, 1979, and all parties were prepared to try the

case on this date. However, immediately following a November 21, 1979, pre-trial conciliation at which the parties were unable to settle the case, the court, on its own motion, continued the case to the next available trial list because it was apparent that the case would not be reached during the November/December 1979 trial list. Subsequently, defendant Western Pennsylvania Hospital filed a motion to suspend the application of Pa.R.C.P. 238 from November 29, 1979 until the trial begins because this delay in the trial of the action was occasioned by events beyond defendant's control. This petition is the subject of this opinion and order of court.

Pa.R.C.P. 238(a) provides for damages for delay to be added at the rate of ten percent per annum to the jury verdict, court decision in nonjury cases and arbitrator's award in damage actions for bodily injury, death or property damage. These damages for delay are computed from the date that the complaint is filed or, if later, one year after the accrual of the cause of action.* The only exception to this provision is set forth in Rule 238(e) which provides the court shall not award damages for delay for the period after the date an unaccepted offer of settlement was made if plaintiff does not recover more than 125 percent of this offer.

Defendant contends that Rule 238 should apply only up to the date that the case was initially scheduled for trial because damages for the additional delay would serve only to punish a defendant for events beyond its control. We reject this contention.

---

*Because the present action was pending prior to the effective date of Rule 238, damages for delay in this action are computed from six months after the effective date of this rule: Rule 238(f).

Rule 238 contains no exception for delays due to court congestion and a court-created exception for this purpose would undermine the policies which Rule 238 is intended to further.

The explanatory note to Rule 238 recognized that "[t]he judicial system has long been vexed by the problem of congestion and delay in the disposition of civil actions for bodily injury, death or property damages pending in the trial courts" and that a major cause for the congestion and delay is that the "present practice provides no incentive for early settlement" so there are "in too many cases meaningful negotiations . . . only after a trial date is fixed or on the courthouse steps or in the courtroom, thus leading to delay in the disposition of cases and congestion in the courts." Rule 238 is designed to "serve the intended purpose of stimulating early settlement of claims and reducing congestion in the courts" by providing a financial incentive to defendants to settle meritorious claims early. And if we were to permit a defendant who has not made a realistic settlement offer to avoid damages for delay occasioned by court congestion, we would be defeating the purpose of this rule by allowing a defendant who is not willing to pay now to pay no more later.

Defendant's argument assumes that the primary purpose of Rule 238 is to penalize only defendants who are responsible for any delay in the trial of an action. However if this were the case, Rule 238 would not provide for damages to run from the date that plaintiff files the initial complaint for causes of action that have accrued at least one year prior to the filing of the action and it would not allow damages for delay to accrue as to additional defendants even before they may be joined. Furthermore, since court congestion is a major cause for the delay in

the disposition of civil actions, the exceptions to Rule 238(a) would mention this obvious cause if it were intended to be an exception to the rule.

In summary, court congestion is not an exception to Rule 238 because, as the explanatory note to this rule recognizes, the major purpose for placing damages for delay against a defendant who does not extend a reasonable settlement offer is to reduce congestion by encouraging early settlements. For this reason, we reject defendant's claim that it should not be subject to damages for delay resulting from court congestion and deny its petition to suspend the application of Rule 238.

## ORDER

On this February 14, 1980, it is hereby ordered that the petition of Western Pennsylvania Hospital to suspend, in part, the application of Rule 238 is denied.